IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JUSTIN ROY FORD                                                                                          PLAINTIFF

v.                                       Civil No. 4:19-cv-04031

JAIL ADMINISTRATOR CHRIS WOLCOTT,
Sevier County Detention Center; SHERIFF
ROBERT GENTRY, Sevier County, Arkansas;
BRAD STEWART, Maintenance Man; and
JAILER TERRY HERNANDEZ, Assistant Jail
Administrator                                                                                            DEFENDANTS

## **ORDER**

On March 21, 2019, Plaintiff Justin Roy Ford filed this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis*. (ECF No. 1). Before the Court is a Motion to Dismiss filed by all Defendants. (ECF No. 11). Plaintiff has not responded to the motion and the time to do so has passed. The Court finds this matter ripe for consideration.

In their Motion to Dismiss, Defendants state that "Plaintiff was mailed a written notice of Defendants' intent to take Plaintiff's deposition. The copy of the Notice of Deposition was sent to 116 Leopard Dr., De Queen, AR 71832, the address of record listed for Plaintiff on the Court's docket." (ECF No. 11). The Notice of Deposition informed Plaintiff that the deposition was to begin June 11, 2019, at 1:30 or immediately following the 10:30 a.m. deposition in Case No. 4:18-cv-4153, at the City Council Room at De Queen City Hall, 220 N. 2nd Street, De Queen, Arkansas. (ECF No. 11-1, p. 7.) At approximately 10:45 a.m. on June 11, 2019, Plaintiff had not appeared for the 10:30 a.m. deposition in Case No. 4:18-cv-4153. Kaylen S. Lewis, counsel for Defendants, went on the record and confirmed that Plaintiff had failed to appear for the deposition. (ECF No. 11-1, p. 5.) Thus, Plaintiff also failed to appear for the deposition scheduled in the instant case to take place immediately following the 10:30 a.m. deposition. Defendants move the Court to dismiss

this case, or alternatively, to require Plaintiff to pay the reasonable expenses, including attorney's fees, caused by his failure to appear for the deposition pursuant to Federal Rule of Civil Procedure 37(d)(A)(i).

On June 28, 2019, the Court entered an order directing Plaintiff to respond to Defendants' Motion to Dismiss by July 19, 2018. (ECF No. 13). Plaintiff was advised that failure to timely and properly comply with the order would result in the dismissal of this action. The order was mailed to the Plaintiff's address of record and has not been returned as undeliverable. To date, Plaintiff has not responded to the Court's order.

Dismissal of a lawsuit, in whole or in part, is a proper sanction under Federal Rule of Civil Procedure 37. In addition, although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b),

a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff failed to appear for his deposition, failed to obey an order of the Court, and failed to prosecute this case. Therefore, pursuant to Federal Rules of Civil Procedure 37 and 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Defendant's Motion to Dismiss (ECF No. 11) is **GRANTED.** Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 6th day of August, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge